UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60529-CIV-COHN/SELTZER

SUNCOAST TECH CORP.,
a Florida corporation,

      Plaintiff,

v.

HONDUTEL, NUESTRA EMPRESA
DE TELECOMUNICACIONES,
a foreign corporation,

      Defendant.

_____/

**ORDER GRANTING MOTION TO VACATE DEFAULT AND DEFAULT JUDGMENT**

      **THIS CAUSE** is before the Court upon Defendant Hondutel, Nuestra Empresa

de Telecomunicaciones' Motion to (1) Vacate the Court's Entry of Default and Default

Judgment, and (2) Dismiss the Complaint  [DE 52] ("Motion").  The Court has carefully

considered the Motion, Plaintiff's Response [DE 67] ("Response"), Defendant's Reply

[DE 72], and is otherwise fully advised in the premises.

I. BACKGROUND

      Plaintiff Suncoast Technology Corp. ("Plaintiff"), commenced this action on

March 11, 2011, against Defendant Hondutel, Nuestra Empresa De

Telecomunicaciones ("Defendant").  Complaint [DE 1].   The Complaint alleges that

Defendant is a Honduran telecommunications company which entered a series of

agreements with Plaintiff in or around May 2010.  Compl. ¶¶ 7-8.  Under the

agreements, Plaintiff "would independently review the systems and presentation of

Hondutel's telephonic network and its infrastructure, both domestically and externally, in

order to weed out 'gray trafficking.'" Id. ¶ 9.  Plaintiff was also "hired to view and analyze call detailed records ('CDR') to verify their accuracy and detect fraudulent calls upon Hondutel's network."  Id. ¶ 11.  Once the source of gray traffic was identified, Plaintiff was to eliminate the source and then would be permitted to operate legitimate traffic on the freed lines.  Id.  Plaintiff alleges that to fulfill its responsibilities under the agreements, it purchased "expensive and highly technical equipment designed to detect gray trafficking."  Id. ¶ 13.  After making a presentation to Defendant regarding the gray trafficking on its network, Defendant informed Plaintiff that it did not intend to eliminate gray trafficking from its network.  Id. ¶ 15.  Plaintiff alleges that Defendant knew that it never intended to eliminate gray trafficking before it entered the agreements.  Id. ¶¶ 17-19.  Plaintiff brought claims against Defendant for fraud in the inducement, fraud, unjust enrichment, and conversion.

On July 11, 2011, the Court entered an Order to Show Cause because service had not yet been perfected on Defendant.  See DE 4.  Plaintiff responded by stating that it was "complying with the lengthy process of effectuating proper service on the foreign Defendant corporation through Letter Rogatory."  See DE 5 ¶ 2.  Plaintiff accordingly requested an additional 90 days to complete the process of serving a "foreign Defendant corporation."  See id.   The Court granted Plaintiff the requested extension.  See DE 6.  When Plaintiff failed to serve Defendant by this new deadline, the Court entered a second Order to Show Cause.  See DE 9.  Plaintiff once again detailed its "diligent" efforts to obtain service, including communications with the Honduran consulate, and requested an additional 90 days to effectuate service.  See DE 10.  The Court granted Plaintiff one final extension of time until December 2, 2011,

to perfect service.  See DE 11.

On December 2, 2011, Plaintiff filed a notice which indicated that Defendant had been served on November 1, 2011.  See DE 14.  Because Defendant's answer to the Complaint would have been due on or before November 22, 2011, the Court entered a status report order.  See DE 17.  In response to this order, Plaintiff filed a motion for clerk's entry of default on December 5, 2011.  See DE 18.  A clerk's default was entered on December 7, 2011.  See DE 19.  When more than thirty days passed without any activity, the Court entered a status report order regarding Plaintiff's intentions to move for default judgment.  See DE 20.  Plaintiff responded that it was gathering the documentation necessary to move for default judgment and anticipated filing such motion by January 25, 2012.  See DE 21.  The Court, accordingly, established January 25, 2012, as the deadline for Plaintiff to move for default judgment. See DE 22.  Plaintiff moved for default judgment on January 25, 2012 [DE 23] and after no opposition was received to the motion, a default judgment in the amount of $902,874.13 was entered.  See DE 24.

In March 2012, Plaintiff initiated a series of garnishment proceedings against Citibank.  See, e.g., DE 25.  The garnishment proceedings were referred by the undersigned to Chief Magistrate Judge Barry S. Seltzer.  See DE 33.  The Court ultimately denied without prejudice Plaintiff's motion for judgment of garnishment because it was unclear whether the three accounts identified by Citibank actually belonged to Defendant.  See DE 44.  Before Plaintiff filed a renewed motion for judgment of garnishment, Defendant filed the instant Motion in which Defendant seeks to vacate the default and default judgment entered against it pursuant to Federal Rule

3

of Civil Procedure 60(b)(4) and 60(b)(6) on the grounds that it was never properly

served.[1]  Defendant also moves to dismiss the Complaint on various grounds, including

that it has sovereign immunity under the Foreign Sovereign Immunities Act, 28 U.S.C.

§§ 1602-1611 ("FSIA").  Plaintiff opposes the Motion, arguing that the judgment was

properly obtained.

II. DISCUSSION

**A. Legal Standard.**

Federal Rule of Civil Procedure 60(b) provides that a party may obtain relief from

a final judgment, order or proceeding if "(4) the judgment is void; . . . or (6) any other

reason that justifies relief."  Fed. R. Civ. P. 60(b).  A judgment is void under Rule

60(b)(4) if the court that rendered the judgment lacked subject matter jurisdiction, acted

inconsistently with due process of law, or was powerless to enter the judgment in the

first place.  Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001).  "Generally, where

service of process is insufficient, the [district] court has no power to render judgment

and the judgment is void."  In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1299 (11th

Cir. 2003); see also Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365,

1368 (11th Cir.1982) (finding a judgment void under Rule 60(b)(4) where the defendant

was not properly served); United States v. Austin, No. 11-80701-CIV, 2011 WL

4345308, at *3 (S.D. Fla. Sept. 16, 2011) (vacating default and default judgment where

---

[1]        After Defendant filed the Motion, Plaintiff filed an ex parte motion for a writ
of garnishment.  See DE 62, 63.  Plaintiff filed this motion despite its awareness that
Defendant had appeared to contest the validity of the judgment entered on February
14, 2012.  Chief Magistrate Judge Seltzer granted Defendant's motion to dissolve the
writ of garnishment.  See DE 77.  Plaintiff has moved for reconsideration and a hearing
regarding this order.  See DE 79, 80.

4

the defendant was not properly served with process).

Relief under Rule 60(b)(6), the catchall provision, "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." <u>Cavaliere v. Allstate Ins. Co.</u>, 996 F.2d 1111, 1115 (11th Cir.1993) (internal citations and quotations omitted).  Rule 60(b)(6) applies only to cases that do not fall within any other provision of Rule 60(b).  <u>Rease v. AT&T Corp.</u>, 358 Fed. Appx. 73, 76 (11th Cir. 2009). "A motion under Rule 60(b) must be made within a reasonable time."  Fed. R. Civ. P. 60(c)(1). There is no specific time frame within which to bring a motion pursuant to Rule 60(b)(4).

### B. Whether Plaintiff Properly Served Defendant With Process.

Defendant first contends that the default and default judgment entered against it must be vacated because it was never properly served with process.  Motion at 3. Defendant contends that it is not merely a Honduran corporation, as Plaintiff has represented to the Court throughout this litigation, but rather is an entity owned entirely by the Republic of Honduras.  <u>Id.</u> at 4.  As an instrumentality of a foreign sovereign, Defendant contends that Plaintiff was required to serve it within the confines of FSIA. <u>Id.</u> at 7.  Because serving Defendant by delivering the summons and the complaint to the Honduras Consulate General in Miami is not a valid method of service under FSIA, Defendant contends that the default and default judgment must be vacated.  <u>Id.</u> at 8-9.

Plaintiff opposes the Motion, arguing that service was properly perfected on the Defendant.  Response at 5.  First, Plaintiff argues that Defendant was properly served pursuant to Federal Rule of Civil Procedure 4(f)(2) because "the Complaint was initially delivered to the principles of Hondutel, including to its President" and was later served on the Honduran Consulate's office who advised Plaintiff "that they were acting to

5

effectuate the exchange of official papers." <u>Id.</u> at 5-6.   Plaintiff argues that both these

methods were "more than sufficient to effectuate service."   <u>Id.</u> at 7.

FSIA governs the manner in which service is to be made upon foreign states or

agencies and instrumentalities of foreign states.  28 U.S.C. § 1608.  Under the statute,

"foreign state" is defined to include an "agency or instrumentality of a foreign state." 28

U.S.C. §1603(a).  "[A]gency or instrumentality of a foreign state" is defined, in turn, as:

[A]ny entity—

(1) which is a separate legal person, corporate or otherwise, and

(2) which is an organ of a foreign state or political subdivision thereof, or a
majority of whose shares or other ownership interest is owned by a foreign state
or political subdivision thereof, and

(3) which is neither a citizen of a State of the United States ... nor created under
the laws of any third country.

28 U.S.C. § 1603(b).  To comply with FSIA,

Service in the courts of the United States and of the States shall be made upon
an agency or instrumentality of a foreign state:

(1) by delivery of a copy of the summons and complaint in accordance with any
special arrangement for service between the plaintiff and the agency or
instrumentality; or

(2) if no special arrangement exists, by delivery of a copy of the summons and
complaint either to an officer, a managing or general agent, or to any other agent
authorized by appointment or by law to receive service of process in the United
States; or in accordance with an applicable international convention on service of
judicial documents; or

(3) if service cannot be made under paragraphs (1) or (2), and if reasonably
calculated to give actual notice, by delivery of a copy of the summons and
complaint, together with a translation of each into the official language of the
foreign state–

(A) as directed by an authority of the foreign state or political subdivision in
response to a letter rogatory or request or

6

(B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

(C) as directed by order of the court consistent with the law of the place where service is to be made.

28 U.S.C. § 1608(b).

First, the Court notes that, other than a cursory statement that it "does not concede that Hondutel is, in fact a Foreign Sovereign," Plaintiff does not otherwise dispute that Defendant is an instrumentality of the Honduran government.  See Response at 10 n.9.  By contrast, Defendant has submitted declarations from Alejandro Ulloa de Thuin, a Director of Hondutel [DE 56-1, 56-2] and Juan Arnaldo Hernandez Espinoza, a Honduran legal expert [DE 54-1] to support its contention that it is an instrumentality of the Republic of Honduras.  The Court finds that these declarations are sufficient to establish that Defendant is an instrumentality of the Republic of Honduras.  The Declaration of Alejandro Ulloa de Thuin establishes that the Defendant is a decentralized state entity created to administer national interests related to telecommunications. [DE 56-1] ¶¶ 2-4, 11.  Defendant operates under state direction and supervision.  Id. ¶ 6.  Accordingly, Plaintiff was required to serve Defendant via a method prescribed within 28 U.S.C. § 1608(b).[2]

The Court finds that Defendant was not served in accordance with 28 U.S.C. § 1608(b)(1).  Plaintiff has failed to establish that there was any agreement between the

---

[2]    Thus, Plaintiff's arguments that it served Defendant in accordance with Federal Rule of Civil Procedure 4(f)(2) are irrelevant.  Because Defendant is an instrumentality of the Republic of Honduras, Plaintiff was required to serve Defendant in accordance with 28 U.S.C. § 1608(b).  See Fed. R. Civ. P. 4(j)(1).

parties which allowed Plaintiff to serve Defendant at the Honduran consulate.  As

Defendant points out, Plaintiff failed to include an English translation of the letter

attached as Exhibit A to its Motion for Entry of Clerk's Default [DE 18-1].  The English

translation presented by the Defendant does not indicate an agreement by Defendant

to accept service of the instant Complaint, but rather an attempt to serve Plaintiff with a

Honduran lawsuit filed by the Defendant in accordance with a Letter Rogatory.  Exhibit

2 to the Declaration of Juan C. Basombrio [DE 55-1] at 6.  Defendant has also

presented declarations which state that the Honduras Consulate General is not

authorized to accept service on behalf of the Defendant.  See Declaration of Cesar

Felipe Reyes Carcamo [DE 53-1] ¶ 5; Declaration of Juan Arnaldo Hernandez Espinoza

[DE 54-1] ¶ 16.[3]  Thus, the Court agrees with Defendant that "[t]here is no special

arrangement for service between the plaintiff and the agency or instrumentality."  See

Motion at 7.

The Court further finds that Defendant was not properly served under 28 U.S.C.

§ 1608(b)(2).  The Ninth Circuit has held that "the first clause of § 1608(b)(2) only

authorizes service of process in the United States."  Straub v. A P Green, Inc., 38 F.3d

448, 452 (9th Cir. 1994) (holding that service was not effective under § 1608(b)(2)

because Plaintiff did not serve authorized agent in the United States).  Here, Plaintiff

has only provided the Court with an email which asks whether the attorney will agree to

accept service on Defendant's behalf.  Exhibit 1 to the Affidavit of John Prefer in

---

[3]    These affidavits also establish that the Honduran Consulate General is
not an agent designated to accept service on behalf of Defendant in the United States,
as permitted by 28 U.S.C. § 1608(b)(2), discussed infra.

8

Opposition to Hondute's [sic] Motion to Vacate Judgment and Motion to Dismiss [DE 67-2] ("Prefer Aff.") at 14.  Thus, there is no evidence that Defendant's former United States-based attorney ever agreed to accept service on Defendant's behalf.

Additionally, the Court finds that Plaintiff has failed to establish that it ever served an officer or managing agent of Defendant.  The Prefer Affidavit asserts that a copy of the Complaint was emailed to Patricia Dacarett Lozano, an employee of Defendant, and to its Director General, Romero Vasquez Velasquez.  Prefer Aff. [DE 67-1] ¶ 15. However, the documentation attached to the Prefer Affidavit, does not establish conclusively that the Complaint was ever so emailed.  Exhibit 1 contains an email dated March 22, 2011, addressed to "wigaro2002@hotmail.com."  Exhibit 1 to the Prefer Aff. [DE 67-2] at 15.  Following the email is a letter to Mr. Romero Vasquez Velasquez, which purports to attach the Complaint.  Id. at 16.  Even if 28 U.S.C. § 1608(b)(2) permits service outside of the United States[4], the Court cannot determine whether any agents or officers of the Defendant ever received the Complaint via email.  It is unclear who the "wigaro2002@hotmail.com" email address belongs to.[3]  Even if this address is Mr. Romero Vasquez Velasquez's email address, Plaintiff has failed to establish that he actually received an email which attached the Complaint.

Finally, the Court finds that Plaintiff also failed to serve Defendant in accordance

---

[4]     Straub suggests that service under 28 U.S.C. § 1608(b)(2) must be within the United States.  38 F.3d at 452.

[3]     The Court has doubts whether this email address actually belongs to Mr. Romero Vasquez Velasquez because other email correspondence in Exhibit 1 reflects that his email address is "romeo.vasquez@hondutelnet.hn."  See, e.g., Exhibit 1 to the Prefer Aff. [DE 67-2] at 7.

with 28 U.S.C. § 1608(b)(3).  Although Plaintiff's counsel asserts that he mailed a copy

of the Complaint to Romero Vasquez Velasquez, Plaintiff has presented no evidence

that the Complaint was ever received by Defendant.  <u>See</u> Affidavit of Kraig S. Weiss in

Opposition to Hondutel's Motion to Vacate Judgment and Motion to Dismiss [DE 67-4]

("Weiss Aff.") ¶ 15.[4]   In <u>Rice Corp. v. Grain Board of Iraq</u>, 582 F. Supp. 2d 1309 (E.D.

Cal. 2008), the plaintiff was able to point to express mail receipts which showed that the

Complaint was mailed.  582 F. Supp. 2d  at 1312.  The court held, however, that

evidence that a Complaint was mailed does not provide proof that a complaint was

actually received.  <u>Id.</u> at 1312-13.  Here, we have only the testimony of Plaintiff's

counsel that the Complaint was mailed.[5]  This mere assertion that the Complaint was

mailed, without more, is insufficient to establish that Defendant actually received the

Complaint.  This is especially true in light of 28 U.S.C. § 1608(c)(2)'s admonishment

that service is not made until "the date of receipt indicated in the certification, signed

and returned postal receipt, or other proof of service applicable to the method of service

employed."  28 U.S.C. § 1608(c)(2).  Thus, any alleged mailing of the Complaint by

---

[4]      Mr. Weiss' assertion that the Complaint was emailed to Mr. Romero Vasquez Velasquez and Patricia Dacarett Lozano were already addressed above.  The Court also doubts whether the document allegedly mailed to Mr. Romero Vasquez Velasquez was translated into Spanish, as required by 28 U.S.C. § 1608(b)(3) because Plaintiff represented in its July 15, 2011 response to the Court's order to show cause that it had to translate the complaint into Spanish to comply with the requirements for service via Letter Rogatory.  <u>See</u> DE 5 ¶ 2.  At no time in July 2011 did Plaintiff ever inform the Court that it had already served Defendant.

[5]      The Court also notes that the Affidavits of John Prefer and Kraig Weiss are inconsistent to the extent the Prefer Affidavit states that the Complaint was emailed to Mr. Romero Vasquez Velasquez while the Weiss Affidavit states that it was both emailed and mailed.  <u>Compare</u> Prefer Aff. ¶ 15 <u>with</u> Weiss Aff. ¶ 15.

Plaintiff's counsel, does not constitute service under 28 U.S.C. § 1608(b)(3).

Finally, the Court also finds that Plaintiff has provided no evidence that Defendant had actual notice of this litigation.  <u>See</u> Response at 5.  The Ninth Circuit has adopted a substantial compliance test to determine whether service satisfies FSIA.  <u>Straub</u>, 38 F.3d at 453.  The substantial compliance test is satisfied if the defendant received actual notice of the lawsuit.  <u>Id.</u> at 453-54.  The burden of establishing actual notice rests with the plaintiff.  <u>Id.</u> at 454.  "Under the FSIA, proving 'actual notice' requires more than a mere showing that somebody in the foreign state knew of the claim."  <u>Magness v. Russian Fed'n</u>, 247 F.3d 609, 618 (5th Cir. 2001) (finding plaintiffs failed to substantially comply with section 1608(b) and vacating judgment under Rule 60(b) where plaintiffs failed to establish that they provide defendant with actual notice of the suit).  Here, Plaintiff has established only that it informed Defendant that it intended to file suit against it unless a settlement was reached.  Exhibit 1 to the Prefer Aff. [DE 67-2] at 1, 4,7,11.  Plaintiff has failed to demonstrate that Defendant received a copy of the Complaint via email, mail, or through service of the Honduras Consulate.  Accordingly, Plaintiff has failed to establish that Defendant had actual notice of this litigation and that it substantially complied with 28 U.S.C. § 1608(b).

## C. Whether Defendant Timely Filed the Rule 60(b) Motion.

In its Response, Plaintiff contends that the Motion should be denied because Defendant did not timely file its Rule 60(b) Motion.  Response at 4-5.  Plaintiff essentially argues that Defendant was not diligent in seeking to vacate the default because they waited over four months after garnishment proceedings commenced to vacate the default.  <u>Id.</u> at 5.  The Court notes that a motion brought pursuant to Rule

11

60(b)(4) must only be brought "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  In

any event, because the Court has concluded that Plaintiff did not properly serve

Defendant, the judgment is void.  Thus, the Court will not deny the Motion due to a four

month delay in filing the Motion.

Because the Court finds that Plaintiff did not properly serve Defendant in

accordance with 28 U.S.C. § 1608(b), the Court will vacate both the default and default

judgment entered against Defendant.  Additionally, as the record now reflects that

Defendant was never properly served with process, the Court declines to address

Defendant's substantive arguments regarding dismissal of the Complaint unless and

until Defendant is actually served.

## III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Hondutel, Nuestra Empresa de Telecomunicaciones' Motion to (1)

   Vacate the Court's Entry of Default and Default Judgment, and (2) Dismiss the

   Complaint  [DE 52] is **GRANTED IN PART AND DENIED IN PART** as follows:

   a. The Motion is **GRANTED** to the extent that the Entry of Default [DE 19]

      and Default Judgment [DE 24] are **VACATED**; and

   b. The Motion is **DENIED** to the extent it seeks to dismiss the Complaint;

2. Plaintiff is directed to serve the Complaint upon Defendant in accordance with

   the provisions of 28 U.S.C. § 1608(b) on or before **December 31, 2012**;

3. If Plaintiff serves the Complaint upon Defendant on or before December 31,

   2012, Plaintiff may move to reopen this case.  If Plaintiff fails to serve Defendant

on or before December 31, 2012, and so notify the Court, the Court will enter an

order dismissing the Complaint;

4.      There shall be no further extensions of time to allow the Plaintiff to perfect

service upon the Defendant;

5.      Plaintiff's Motion for Reconsideration/Rehearing and Objection to Order

Dissolving Writ of Garnishment and for Stay Relief Pending Ruling Upon Motion

to Vacate [DE 79] is **DENIED** as **MOOT**; and

6.      Plaintiff's Motion for Hearing Upon its Motion for Reconsideration/Rehearing and

Objection to Order Dissolving Writ of Garnishment and For Stay Relief Pending

Ruling Upon Motion to Vacate [DE 80] is **DENIED** as **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 29th day of October, 2012.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.

13